# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 14-CR-20063 |
| GEORGE LUIS SALINAS, | ) |
| Defendant. | ) |

## THE UNITED STATES OF AMERICA'S
## COMMENTARY ON SENTENCING FACTORS

NOW COMES the United States of America, by James A. Lewis, United States Attorney for the Central District of Illinois, and Eugene L. Miller, Assistant United States Attorney, and hereby submits the following commentary on sentencing factors:

## BACKGROUND

Agents of the Drug Enforcement Administration arrested the defendant, George Luis Salinas, in possession of approximately 287.5 grams of crystal methamphetamine ("ice") that he intended to deliver in the Central District of Illinois. (PSR ¶¶8-11; Plea Agreement ¶25) The defendant told the agents that he expected to personally be paid $1,000 for transporting the "ice," and that he had transported illegal drugs from Texas to the Central District of Illinois on three other occasions.[1] (PSR ¶¶12-13; Plea Agreement ¶25) At the time of the offense, the defendant was on federal supervised release in

---

[1] The defendant does not object to this information in the PSR, but has repudiated the statement he transported drugs on three other occasions. (PSR ¶14)

McAllen, Texas, for Possession with Intent to Distribute More than 100 Kilograms of Marijuana. (PSR ¶38)

Based on his prior convictions and the amount of methamphetamine involved in this case, the defendant faces a mandatory minimum sentence of 20 years of imprisonment;[2] based on his classification as a Career Offender, the defendant faces an advisory guideline sentencing range of 262 to 327 months of imprisonment.

## DEFENDANT'S OBJECTIONS

**A.     The Supervised Release Condition that the Defendant Be Truthful**

The Addendum to the PSR notes that the defendant has objected to ¶ 90 of the revised PSR, which proposes a condition of supervised release that "[t]he defendant shall follow the instructions of the probation officer.  Any answers the defendant gives in response to the probation officer's inquiries must be truthful."  The defendant noted he would like additional language added regarding the protection of a defendant's Fifth Amendment right against self-incrimination akin to *Miranda* warnings.

The United States believes that the defendant may be withdrawing this objection in light of *United States v. Kappes*, 782 F.3d 828 (7th Cir. Apr. 8, 2015).  As *Kappes* notes, the claim that a defendant must be informed of his right to remain silent in the face of a release condition requiring him to be truthful was previously rejected by the United States Supreme Court in *Minnesota v. Murphy*, 465 U.S. 420, 422 (1984):

---

[2] The defendant does not face a sentence of mandatory life imprisonment because the United States declined to file a second Section 851 enhancement pursuant to the Department of Justice's Policy on Recidivist Enhancements in Certain Drug Cases.

2

> In the context of probation, the Supreme Court has held that a state probation requirement that the probationer "be truthful with the probation officer 'in all matters,' " was insufficient to require *Miranda* warnings because such a condition does not penalize the right to remain silent. *Minnesota v. Murphy*, 465 U.S. 420, 422, 434, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984). The Court said that the "the State could not constitutionally carry out a threat to revoke probation for the legitimate exercise of the Fifth Amendment privilege," but the "probation condition [at issue] proscribed only false statements; it said nothing about [the defendant's] freedom to decline to answer particular questions and certainly contained no suggestion that his probation was conditional on his waiving his Fifth Amendment privilege with respect to further criminal prosecution." *Id.* at 437, 438, 104 S.Ct. 1136.

*Kappes*, 782 F.3d 828.[3]

In fact, *Kappes* addressed a more demanding requirement than the one at issue here; in *Kappes,* the defendant was actually required to answer all inquiries by the probation officer. Nonetheless, the Seventh Circuit still refused to hold that additional language was required indicating that the condition did not prevent the defendant from invoking his Fifth Amendment privilege against self-incrimination. *Id.* Certainly, in this case, where the contested condition does not require the defendant to answer any inquiries, both *Murphy* and *Kappes* dictate that no additional language regarding protection of a defendant's Fifth Amendment right against self-incrimination is required.

### B. The Supervised Release Condition Regarding Change of Employment

The Addendum to the PSR also notes that the defendant has objected to ¶ 91 of the revised PSR, which proposes a condition of supervised release that "[t]he defendant shall notify the probation officer at least ten days prior, or as soon as knowledge is

---

[3] As of the date of this filing, Federal Reporter pinpoint citations for *Kappes* were not yet available on Westlaw.

gained, to any change of residence or employment." *Kappes,* quoting *United States v. Thompson*, 777 F.3d 368, 379 (7th Cir. 2015), found that a condition that the defendant is to notify his probation officer of any "change in . . . employment" is ambiguous because it fails to indicate "whether change in employment just means changing employers or also includes changing from one position to another for the same employer at the same workplace." 782 F.3d 828. Therefore, the United States submits that the condition should be modified to clearly define whether "employment" is limited to changing employers or whether it also includes changing from one position to another for the same employer at the same workplace.

### C. The Supervised Release Condition Regarding Leaving the District

The PSR also sets forth a condition in ¶ 88 of the revised PSR that "[t]he defendant shall not leave the judicial district without the permission of the court or probation officer." Although neither party has objected to this condition, the United States notes that *Kappes* suggested that "the condition that 'the defendant shall not leave the judicial district without . . . permission' would be improved by explicitly adding a scienter requirement, particularly in a case where it is foreseeable that a defendant will reside near the boundary of two judicial districts within the same state." 782 F.3d 828. Thus, the United States suggests that the condition be "improved" by stating that the defendant shall not "knowingly" leave the judicial district without permission.

WHEREFORE, the United States of America respectfully requests that this Court modify the conditions of supervised release as set forth in ¶¶ 88 and 91 of the revised Presentence Report as set forth above prior to imposing them.

    Respectfully submitted,

    JAMES A. LEWIS
    UNITED STATES ATTORNEY

    s/ Eugene L. Miller
    Eugene L. Miller, Bar No. IL 6209521
    Assistant United States Attorney
    201 S. Vine St., Suite 226
    Urbana, IL 61802
    Phone: 217/373-5875
    Fax: 217-373-5891
    eugene.miller@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Elisabeth R. Pollock, Esq.
>Assistant Federal Public Defender
>300 West Main Street
>Urbana, IL 61801

>s/ Eugene L. Miller
>Eugene L. Miller, Bar No. IL 6209521
>Assistant United States Attorney
>201 S. Vine St., Suite 226
>Urbana, IL 61802
>Phone: 217/373-5875
>Fax: 217-373-5891
>eugene.miller@usdoj.gov